IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-01762-CMA-KMT

RMH TECH LLC, a Colorado limited liability company, and
METAL ROOF INNOVATIONS, LTD.,

    Plaintiffs,

v.

PMC INDUSTRIES, INC., a Connecticut corporation,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON CLAIM CONSTRUCTION**

This matter is before the Court on Defendant PMC Industries, Inc.'s ("PMC") Motion for Partial Reconsideration (Doc. # 74) of the Court's previous Order on Claim Construction (Doc. # 66). Because Defendant fails to allege extraordinary circumstances warranting reconsideration, the Court denies Defendant's Motion for Partial Reconsideration.

### I.   BACKGROUND AND PROCEDURAL HISTORY

The Court set forth the factual background to this case in its Order on Claim Construction. (Doc. # 66.) That document is incorporated by reference, and the facts explained therein need not be repeated here. The Court recounts only the facts necessary to address Defendant's Motion for Partial Reconsideration.

Plaintiffs RMH Tech LLC ("RMH") and Metal Roof Innovations, Ltd. ("MRI") are the owner and licensee, respectively, of United States Patent No. 6,470,629 (the "'629 Patent"), which describes and claims a mounting assembly for mounting a cross member to a standing metal roof. (Doc. # 1 at 3.) In the underlying action, Plaintiffs allege that Defendant infringed claims 15, 26, 20, and 35 of the '629 Patent. (*Id*. at 7–9.) On January 25, 2017, Defendant filed its Amended Opening Claim Construction Brief (Doc. # 37), and the parties submitted their Amended Joint Dispute Claim Terms Chart (Doc. # 36). Nine claim terms were disputed. (*Id*.) Briefing on claim construction followed. (Doc. ## 38, 44.) On May 11, 2017, the Court held a *Markman* hearing, and the parties argued their proposed constructions. (Doc. # 52.) The parties subsequently submitted supplemental briefing at the Court's direction. (Doc. ## 53–55.)

The Court issued its Order on Claim Construction on October 2, 2017. (Doc. # 66.) After detailing general principles of claim construction and the legal standard for construing "means-plus-function" claim limitations pursuant to 35 U.S.C. § 112(f), the Court articulated its construction of each of the nine terms disputed in the claim construction briefs. (*Id.*) Only one disputed term is relevant to the matter now before the Court: "first and second means for detachably interconnecting said cross member with said second adaptor portion of said first and second mounting adaptors, respectively," *see* (Doc. # 74 at 1), which is found in claims 15, 16, and 20 of the '629 Patent, *see* (Doc. # 1-2). The Court adopted Plaintiffs' proposed construction of this phrase—"[f]irst and second surfaces of the second portion of each mounting adaptor that interface with substantially inverse surfaces of the cross member protrusion"—

because Plaintiff's proposed construction "accurately captures the range of permissible structures as set forth by the text of the Patent." (Doc. # 66 at 12–14.) Defendant's proposed construction,[1] by contrast, "improperly limits the claim to only the structure shown in Figures 1–3 of the Patent" and was thus inappropriate, the Court explained. (*Id*. at 13.)

Defendant filed the instant Motion for Partial Reconsideration on October 27, 2017. (Doc. # 74.) Its motion contests the Court's construction of only the disputed term identified above: "first and second means for detachably interconnecting said cross member with said second adaptor portion of said first and second mounting adaptors, respectively." (*Id*. at 1). Defendant asks the Court to either revise its construction of this phrase or withdraw its construction and decline to construe the phrase altogether. (*Id*.) Plaintiffs opposed Defendant's Motion for Partial Reconsideration on November 13, 2017 (Doc. # 75), and Defendant replied in support of its motion on November 27, 2017 (Doc. # 76).

---

[1] Defendant's proposed construction of the phrase was:
> The corresponding structure that performs the claimed function is specifically shown in Figures 1-3 of the '629 Patent and described in the specification and includes: (a) a planar leg of the cross member that extends away from the upright leg of the cross member; (b) located at the end of the planar leg of the cross member, a channel portion that has a generally C-shaped cross section or is constructed from a series of straight segments; (c) a raised "beaded" portion of the mounting adaptor that defines a hollow space, is positioned between an alignment portion of the mounting adaptor and an attachment portion of the mounting adaptor, and has inner surfaces that closely mate with the outer surfaces of the channel portion of the cross member so that the raised beaded portion of the mounting adaptor is engaged and interconnected with the channel portion of the cross member by aligning the beaded portion of the mounting adaptor with the channel portion of the cross member and then sliding the mounting adaptor onto and along the length of the cross member; and (d) an alignment channel formed at the intersection of the alignment leg and the upright leg that slidably receives an alignment lip of the mounting adaptor in a closely fitting relationship.

(Doc. # 37 at 20.)

## II.  LEGAL STANDARDS FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration.  However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  In this case, Plaintiff moves for partial reconsideration under Rule 60(b).  (Doc. # 74 at 2.)

Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.  *Van Skiver*, 952 F.2d at 1243–44.  These six grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Here, Defendant asserts that reconsideration is proper pursuant to Rule 60(b)(6) for "any . . . reason that justifies relief."  (*Id.*) (quoting Fed. R. Civ. P. 60(b)(6)).

### III. <u>ANALYSIS</u>

Defendant requests that the Court reconsider its construction of the term "first and second means for detachably interconnecting said cross member with said second adaptor portion of said first and second mounting adaptors, respectively" for two reasons. (Doc. # 74 at 2.) First, Defendant argues that the Court's construction fails to include "an explicit limitation from claim 15: the requirement of a first **and** second means for detachably interconnecting a cross member with a mounting adopter." (*Id*.) Second, Defendant asserts that the Court's construction improperly "broadens the limitation to include structures that are not equivalent to the structure disclosed in the specification of the '629 Patent." (*Id*.)

Defendant fails to assert a reason sufficient to justify relief pursuant to Fed. R. Civ. P. 60(b)(6). Defendant previously raised its first argument—that the claims require "a 'first **and** second means'" for detachably interconnecting a cross member and a mounting adapter, *see* (Doc # 74 at 4)—in its opening claim construction brief. *See* (Doc. # 37 at 22) ("By its very terms, claim 15 requires dual, separate, **first *and* second** 'means' for detachably interconnecting the cross member 108 with the second adaptor potion of the mounting adaptor 112."). And in responding to Plaintiffs' proposed construction of this term—which the Court ultimately adopted—Defendant again reiterated that the claim is for a mounting system with two separate means for detachable interconnection. (Doc. # 44 at 8) ("[The inventor] invented a very specific and narrowly-claimed mounting system that includes two longitudinally-sliding structural means to interconnect the cross member with the mounting adaptor's second adaptor

5

portion."). The Court was not persuaded by Defendant's argument in its initial briefings, and it is not persuaded now. Defendant's first argument merely restates an assertion that the Court has already rejected.

Defendant's second argument, that the Court's construction of the term does not include the entirety of the claimed function and thus improperly broadens the scope of the claim language, *see* (Doc. # 76 at 2, 5), also does not justify reconsideration. In its opening claim construction brief, Defendant identified the claimed function as "**detachably interconnecting** said cross member with said second adaptor portion of said first and second mounting adaptors, respectively." (Doc. # 37 at 21) (emphasis added). And at the *Markman* hearing on May 11, 2017, Defendant's counsel again identified this as the claimed function.[2] Defendant now sings a different tune, asserting that "the specific functional limitation" is actually "to resist movement in all other directions." (Doc. # 74 at 5, 10.) This change in Defendant's argument as to the claimed function does not warrant relief under Rule 60(b)(6). The Court may grant a Rule 60(b)(6) motion only "in extraordinary circumstances and only when necessary to accomplish justice." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993). The Tenth Circuit has "sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable." *Cashner v. Freedom Stores, Inc.*, 98 F.3d

---

[2] Defendant stated at the *Markman* hearing that "the function is described in the claim language. And I don't think there is any dispute among the parties about that, really about what the function is. . . . [T]o define function, essentially what you are looking at is everything after the phrase 'means for.' . . . So the function, thankfully for us today . . . is that the function is laid out in the claim itself." (Doc. # 56 at 129–30.)

572, 579 (10th Cir. 1996) (citing, *e.g.*, *Zimmerman v. Quinn*, 744 F.2d 81, 82–82 (10th Cir. 1985)).  Here, however, Defendant does not allege an unanticipated intervening change in circumstances.  *See id*.  "The only event not contemplated by Defendant was that [the Court] would disagree" with its proffered construction of the term, and that is "not the kind of intervening event contemplated by Rule 60(b)(6)."  *See id*. at 579–80.

Alternatively, Defendant asks the Court to withdraw its construction of the term and decline to construct it altogether.  (Doc. # 74 at 12.)  The Court declines this request.  As Plaintiffs note (Doc. # 75 at 4), both parties requested construction of this term.  *See* (Doc. ## 36–38.)  Defendant's Motion for Partial Reconsideration itself is evidence that the claim language is complex.  The Court's construction of the term will assist the trier of fact in determining whether Defendant infringed the '629 Patent.

## IV.   CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant's Motion for Partial Reconsideration (Doc. # 74) of the Court's previous Order on Claim Construction is DENIED.

DATED:  January 8, 2018

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge