UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RMH TECH LLC, *a Colorado limited liability company*, and METAL ROOF INNOVATIONS, LTD., *a Colorado corporation*,<br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>PMC INDUSTRIES, INC., *a Connecticut corporation*,<br>　　　　*Defendant(s)*. | No. 3:18-cv-543 (VAB) |

**ORDER ON TESTIMONY OF CAROLL MARSTON**

RMH Tech LLC and Metal Roof Innovations, Ltd. ("Plaintiffs" or "RMH and MRI") have sued PMC Industries, Inc. ("Defendant" or "PMC"), alleging patent infringement. PMC asserts two counterclaims seeking a declaratory judgment of non-infringement or invalidity.

In a supplemental joint pretrial memorandum, RMH and MRI seek permission to offer the videotaped deposition testimony of Caroll Marston at trial, as Mr. Marston "is no longer subject to the jurisdiction of the Court and therefore cannot be subpoenaed." Supplemental Joint Trial Memorandum, dated Oct. 9, 2018 ("Supp. Mem."), ECF No. 173, at 2. PMC objects, arguing that his testimony is no longer relevant to the case. *Id.* at 2–3. In addition to setting out their views in the supplemental joint trial memorandum, the parties' discussed this dispute at length in a final pretrial conference with the Court on October 11, 2018. Minute Entry, dated Oct. 11, 2018, ECF No. 175.

Mr. Marston is purportedly unavailable within the meaning of Rule 804 of the Federal Rules of Evidence and Federal Rule of Civil Procedure 32. *See* FED. R. EVID. 804(a)(5)(A) ("A declarant is considered to be unavailable as a witness if the declarant . . . (5) is absent from the

trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6) . . . ."); FED. R. CIV. P. 32(a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition . . . [or] (D) that the party offering the deposition could not procure the witness's attendance by subpoena . . . .").

While his testimony had previously been secured by deposition, as the Court understands it, PMC made Mr. Marston available under Federal Rules of Civil Procedure Rule 30(b)(6) on a limited basis. *See* FED. R. CIV. P. 30(b)(6) (permitting subpoena of organization and requiring that named organization to designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."). PMC thus objects to the use of any testimony beyond the scope of the designated areas of 30(b)(6) testimony.

At the pretrial conference, RMH and MRI proposed an alternative way to procure Mr. Marston's testimony: that they be given leave to conduct an additional deposition of Mr. Marston before the trial. *See* FED. R. CIV. P. 30(a)(2)(A)(ii) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and . . . (ii) the deponent has already been deposed in the case . . . .").

"Unless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Considering all these factors, the Court agrees that an additional deposition of Mr. Marston would be appropriate here. In particular, the Court notes that Mr. Marston was, until the eve of the filing of the joint trial memorandum, expected to be available as a fact witness at trial. *See* Supp. Mem. at 2. The Court further notes that the scope of the proposed deposition is limited, as RMH and MRI asserted at the pretrial conference that they have about fifteen specific factual questions for Mr. Marston regarding emails that he sent and/or received, and that Mr. Marston was directly involved in the development of the accused infringing product. The Court therefore finds that the burden or expense that may be incurred in noticing and holding a deposition in the days leading up to trial is outweighed by the importance of Mr. Marston's testimony in resolving issues at stake in this litigation, and that permitting this discovery is thus relevant and proportional to the needs of the case.

To the extent that PMC argues that any use of Mr. Marston's 30(b)(6) deposition testimony would be improper, the Court exercises its inherent authority to ensure the expeditious resolution of this case, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1889 (2016), and grants RMH and MRI leave to take Mr. Marston's deposition before the upcoming trial.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of October, 2018.

      /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE