UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RMH TECH LLC, *a Colorado limited liability company*, and METAL ROOF INNOVATIONS, LTD., *a Colorado corporation*,<br>      *Plaintiffs*,<br><br>v.<br><br>PMC INDUSTRIES, INC., *a Connecticut corporation*,<br>      *Defendant*. | No. 3:18-cv-543 (VAB) |

**RULING AND ORDER ON MOTIONS IN LIMINE**

RMH Tech LLC and Metal Roof Innovations, Ltd. ("Plaintiffs" or "RMH and MRI") have sued PMC Industries, Inc. ("Defendant" or "PMC"), alleging patent infringement. PMC asserts two counterclaims seeking a declaratory judgment of non-infringement or invalidity. Before the bench trial beginning on October 29, 2018, both sides have filed motions *in limine*.

RMH and MRI move *in limine* for the Court to sequester all fact witnesses during the trial, under Federal Rule of Evidence 615. Pls.' Motion *in Limine* to Sequester Witnesses, dated Sept. 14, 2018 ("Pls.' Mot."), ECF No. 163.

PMC moves *in limine* to exclude any reference to U.S. Patent No. U.S. 9,850,661 to Kovacs (the "Kovacs Patent") at trial for the purposes of establishing infringement or non-infringement. Memorandum in Support of Def.'s Motion in Limine to Preclude Any Reference to the Kovacs Patent to Establish Infringement or Non-Infringement, dated Sept. 14, 2018 ("Kovacs Mot."), ECF No. 160-1.

PMC also moves *in limine* to preclude RMH and MRI from presenting evidence or arguments related to the doctrine of equivalents ("DOE") at trial. Memorandum in Support of

Def.'s Motion *in Limine* to Preclude Evidence of and Argument Regarding Infringement under the Doctrine of Equivalents at Trial, dated Sept. 14, 2018 ("DOE Mot."), ECF No. 161-1.

Finally, PMC moves *in limine* to preclude RMH and MRI from presenting evidence or arguments as to the issue of willful infringement at trial. Memorandum in Support of Def.'s Motion *in Limine* to Preclude Evidence of and Argument Regarding Willful Infringement at Trial, dated Sept. 14, 2018 ("Willfulness Mot."), ECF No. 159-1.

For the following reasons, Plaintiffs' motion *in limine* is **GRANTED** and PMC's motions *in limine* regarding the Kovacs Patent and Willful Infringement are **DENIED**. PMC's motion to preclude evidence related to the doctrine of equivalents is **DENIED**, but the Court may ultimately exclude any opinions offered at trial by Mr. Haddock that were not sufficiently disclosed to PMC, as detailed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

RMH, a Colorado limited liability company, has its principal place of business in Colorado Springs, Colorado. Joint Trial Memorandum, dated Sept. 14, 2018 ("Joint Trial Mem."), ECF No. 162, ¶ 5(A)(a). MRI is a Colorado corporation with its principal place of business in Colorado Springs, Colorado. *Id.* ¶ 5(A)(c). PMC is a Connecticut corporation with its principal place of business in Plainville, Connecticut. *Id.* ¶ 5(A)(d).

Plaintiffs and Defendant produce mounting adapter devices for metal roofs that operate by securing cross members, thereby allowing easier installation and removal of snow retention systems. RMH and MRI claim that PMC's device, the COLOR Snap system, infringes Claims 15 and 16 of its patent, U.S. Patent No. 6,470,629 (the "'629 Patent"). *Id.* ¶ 4(A). The '629 Patent is entitled "Mounting System and Adaptor Clip" and was issued to Robert M. Haddock on October

29, 2002; Haddock then assigned the patent to RMH. *Id.* ¶¶ 5(A)(e), 5(A)(b). MRI is the exclusive licensee of the '629 Patent. *Id.* ¶ 5(A)(c). RMH and MRI expect to demonstrate, through trial testimony, that their ColorGard product is based on the '629 Patent. *Id.* ¶ 9(A).

PMC offers and sells the Color SNAP System within the United States. *Id.* ¶ 5(A)(q). RMH and MRI allege that the manufacture and sale of the Color SNAP system directly infringes on claims 15 and 16 of the '629 Patent. *Id.* ¶ 6(A). Defendant argues that the Color SNAP system does not literally infringe those claims because it does not contain at least four required elements pursuant to the claim constructions adopted by the Court. *Id.* ¶ 7.

### B. Procedural Background

On July 11, 2016, RMH and MRI sued PMC in the United States District Court for the District of Colorado, alleging that Defendant is infringing on the design and novel function of the '629 Patent through the marketing and sale of the COLOR Snap system, and seeking both monetary damages as well as an injunction. *See* Complaint, dated July 11, 2016 ("Compl."), ECF No. 1.

On September 7, 2016, PMC answered and brought counterclaims against RMH and MRI, seeking a declaratory judgment of non-infringement and of the '629 Patent's invalidity. Answer and Counterclaim, dated Sept. 7, 2016, ECF No. 17; *see also* Amended Answer, dated Feb. 10, 2017, ECF No. 43.

On May 11, 2017, the Honorable Christine Arguello, United States District Judge for the District of Colorado held a hearing consistent with *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) ("*Markman* hearing") to determine the construction of the patent claims in question. Minute Entry, dated May 11, 2017, ECF No. 52.

On October 2, 2017, the Court issued an order constructing the disputed claims of the Haddock Patent. ECF No. 66. The Court subsequently denied PMC's motion for reconsideration of the claim construction order. Order Denying Defendant's Motion for Partial Reconsideration of Order on Claim Construction, dated Jan. 8, 2018, ECF No. 74.

On December 6, 2017, PMC moved to stay the case for ninety days pending settlement discussions, a motion RMH and MRI opposed and that the Court ultimately denied. *See* Motion to Stay, dated Dec. 6, 2017, ECF No. 78; Brief in Opposition to Motion to Stay, dated Dec. 27, 2017, ECF No. 82; Order Denying Motion to Stay, dated Jan. 10, 2018, ECF No. 87.

On January 8, 2018, PMC moved to dismiss for improper venue or, in the alternative, for the case to be transferred to this Court, on the basis that venue in a patent action, pursuant to 28 U.S.C. § 1400(b), properly lies in those jurisdictions in which the defendant resides or has a regular and established place of business. Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue, dated Jan. 8, 2018, ECF No. 86. On March 30, 2018, the Court granted the motion to transfer venue. Order Granting Defendant's Motion to Transfer Venue, dated Mar. 30, 2018, ECF No. 95. That same day, the case was transferred to the District of Connecticut. *See* Docket Entry, dated Mar. 30, 2018, ECF No. 96. The case was assigned to this Court on April 16, 2018. *See* Order of Transfer, dated Apr. 16, 2018, ECF No. 110.

On May 14, 2018, the Court held a telephonic status conference with the parties and set a schedule for proceeding to a bench trial. Minute Entry, dated May 14, 2018, ECF No. 130. The schedule was modified on May 22, 2018. Amended Scheduling Order, dated May 22, 2018, ECF No. 135.

On May 25, 2018, PMC moved for summary judgment on several grounds. Motion for Summary Judgment, dated May 25, 2018, ECF No. 137. On July 24, 2018, the court held oral argument on the motion. Transcript of Motion Hearing, dated July 24, 2018, ECF No. 157.

On August 6, 2018, the Court denied PMC's motion for summary judgment. Order Denying PMC Motion for Summary Judgment, dated Aug. 6, 2018 ("SJ Order"), ECF No. 158.

On September 14, 2018, the parties filed their joint trial memorandum. Joint Trial Mem. While RMH and MRI originally sought both injunctive relief and monetary damages, they now seek only injunctive relief: a permanent injunction restricting PMC from manufacturing and selling the COLOR Snap product line in the United States. *Id.* ¶ 6(A).

That same day, RMH and MRI filed one motion *in limine*, seeking to sequester all fact witnesses during the trial pursuant to Federal Rule of Evidence 615. Pls.' Mot. PMC filed three motions *in limine*, seeking to exclude references to the Kovacs Patent, to preclude evidence or arguments as to the Doctrine of Equivalents, and to preclude evidence or arguments as to the issue of willful infringement. *See* Kovacs Mot.; DOE Mot.; Willfulness Mot.

On October 5, 2018, the parties filed their responses to the motions in limine. *See* PMC's Response to Pls.' Mot., dated Oct. 5, 2018 ("PMC Response"), ECF No. 171; Pls.' Opposition to Kovacs Mot., dated Oct. 5, 2018 ("Kovacs Mot. Opp."), ECF No. 169; Pls.' Opposition to DOE Mot., dated Oct. 5, 2018 ("DOE Mot. Opp."), ECF No. 172; Pls.' Opposition to Willfulness Mot., dated Oct. 5, 2018 ("Willfulness Mot. Opp."), ECF No. 170.

## II. STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent

authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

In a bench trial, there is no "concern for juror confusion or potential prejudice" as the court is the trier of fact. *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457, 457 n.1 (S.D.N.Y. 2007). The Court therefore has even greater discretion in bench trials than in jury trials to deny motions *in limine* and revisit admissibility determinations during or after trial. *See Serby v. First Alert, Inc.*, No. 09-cv-4229 (WFK)(VMS), 2015 WL 4494827, at *1 (E.D.N.Y. July 22, 2015) (citing *Tiffany*, 576 F. Supp. 2d at 457 n.1); *Lehman Bros. Holdings, Inc. v. United States*, No. 10-cv-6200 (RMB), 2014 WL 715525, at *2 (S.D.N.Y. Feb. 24, 2014) ("The Government will have the opportunity to object to any Experts' testimony in its post-trial Findings of Fact and Conclusions of Law, and the Court reserves its discretion to strike such testimony on any applicable grounds.").

### III. DISCUSSION

#### A. Sequestration of Fact Witnesses

RMH and MRI move to sequester all fact witnesses during the course of the trial pursuant to Federal Rule of Evidence 615. Pls.' Mot. PMC does not generally oppose the motion, but does oppose it insofar as it would (1) preclude a corporate officer from remaining in the courtroom

6

during trial as the company's representative if they were also a fact witness, and (2) preclude PMC's expert witness, Robert Mercier, from remaining in the courtroom during trial. *See* PMC Response at 1.

The motion *in limine*, by its terms, applies only to fact witnesses. *See* Pls.' Mot. at 1 ("[Plaintiffs] move the Court to order the sequestration of all fact witnesses."). Mr. Mercier is, however, designated in the joint trial memorandum as both a lay witness and an expert witness. Joint Trial Mem. at 16.

PMC argues that it must be allowed to have its corporate representative in the courtroom during trial because Federal Rule of Evidence 615(b) does not allow such a person to be excluded. PMC's Response at 1–2. The Court agrees.

Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. But this rule does not authorize excluding . . . an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." FED. R. EVID. 615(b).

While it does not appear that the Second Circuit has directly ruled on whether a corporate representative who is a fact witness may remain in the courtroom during trial, it has held that a corporate representative who is an expert witness may be permitted to remain in the courtroom during testimony. *Trans World Metals, Inc. v. Southwire Co.*, 769 F.2d 902, 910–11 (2d Cir. 1985). Additionally, in the criminal context, the Second Circuit has repeatedly held that district courts have "'discretion to exempt the government's chief investigative agent from sequestration, and it is well settled that such an exemption is proper under Rule 615[b] . . . .'" *United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (quoting *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992). The principle underlying both these cases—that we would not reasonably expect the

7

corporate representative expert witness or the investigative agent to change their testimony in reaction to the testimony of other witnesses—seems equally applicable in this context, absent a showing that PMC's representative would be likely to alter his or her factual testimony in response to the testimony of other witnesses.

Other courts in this District have held that at least one properly designated corporate representative may remain in the courtroom during trial even if they are also likely be called to testify as a fact witness. *See Stevens v. Landmark Partners, Inc.*, No. 09-cv-498 (MPS), 2013 WL 12073445, at *2 (D. Conn. Apr. 4, 2013) (holding that one properly designated corporate representative is entitled to observe proceedings but reserving judgment as to whether two such persons could do so).

At a pretrial conference on October 11, 2018, RMH and MRI expressed some hesitation as to PMC's request, expressing their concern that, should Mr. Mercier be designated as the corporate representative, he would tailor his fact testimony based on the testimony of other witnesses. The Court expects, however, that any attempts to alter or tailor testimony that deviate from the content of Mr. Mercier's deposition would be readily questioned by counsel for RMH and MRI during cross-examination. Other than a generalized concern, RMH and MRI have not given the Court reason to believe such tailoring would occur; they have, moreover, indicated that they expect their own corporate representative, Robert Haddock—who will testify as both an expert and a fact witness—to be present in the courtroom during trial.

RMH and MRI's motion *in limine* to sequester fact witnesses therefore is granted, with the caveat that PMC may allow one properly designated corporate representative who is a fact witness to remain in the courtroom during the entire trial.

### B. Kovacs Patent

PMC argues that any references to the Kovacs Patent must be excluded from the trial, arguing that permitting such references would violate the "law of the case" doctrine, as well as improperly permit the infringement analysis to be based on the Kovacs patent instead of on the alleged infringing device, the COLOR Snap system. Kovacs Mot. at 2–3. The Court disagrees.

PMC's argument under the "law of the case" doctrine gives too much weight to a single sentence in the Court's summary judgment ruling. *Id.* at 2 ("In its Order, the Court held that 'the Kovacs Patent is irrelevant for the purposes of assessing infringement.'"). That ruling found that PMC's insistence that the Kovacs patent was a complete defense to the infringement claim was incorrect as a matter of law. *See* SJ Order at 13–14. In so holding, the Court stated that it agreed with RMH and MRI that the Kovacs patent was "irrelevant for the purposes of assessing infringement." *Id.* at 13. That statement simply conveyed the Court's agreement with Plaintiffs that the validity of the patent was not at issue in this case, nor could it provide a basis for summary judgment in PMC's favor. *See id.* at 13–14. It was by no means intended to be a sweeping ruling as to the admissibility of any evidence concerning the Kovacs patent, nor could it reasonably be read to stand for such as the "law of the case."

PMC's additional argument that evidence of the patent must be excluded because the infringement claim cannot be based on the Kovacs patent is also incorrect. It is true that the Court cannot enter a finding of infringement based on the patent alone and that it must instead base its findings on the allegedly infringing product itself. But since the patent specifications match the actually-built product, those specifications may be relevant as to Plaintiffs' claim of copyright infringement.

In the primary case on which PMC relies, the defendant's patent was not sufficient evidence on its own to prove infringement because the patent application "may or may not" have described the allegedly infringing product. *See Forest Labs. V. Abbott Labs*, 239 F.3d 1305, 1313 (Fed. Cir. 2001). In other words, absent evidence that the patent actually covered the accused product, claims based only on the alleged infringement of a patent by another patent were insufficient to prove infringement. *Id.*

While the Court is not certain that PMC has, as RMH and MRI claim, already admitted that the Kovacs Patent covers the COLOR Snap system, Kovacs Opp. at 3–4, the Court does find that, to the extent RMH and MRI can prove that the Kovacs Patent covers the COLOR Snap system, there is some admissible purpose for which they could offer evidence as to the Kovacs Patent. Because this is a bench trial, moreover, the Court is perfectly capable of focusing on the ultimate issue: whether PMC's product itself, and not merely its patent, infringes on the Plaintiffs' copyright.

PMC's motion *in limine* to exclude evidence of the Kovacs patent therefore is denied on both grounds.

### C. Doctrine of Equivalents

PMC argues that because RMH and MRI have not elaborated their theory of the case under the doctrine of equivalents ("DOE") they may not present any evidence or arguments regarding the DOE at trial. The Court agrees in part and disagrees in part. While RMH and MRI has raised the issue sufficiently in their pleadings and should not be denied on that basis, to the extent that any expert testimony proffered by Mr. Haddock failed to provide the basis for his testimony in this area, any such testimony shall be precluded at trial.

Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605 (1950)).

PMC claims that RMH and MRI "waived their DOE argument by (1) failing to adequately disclose it in their Complaint, Initial Infringement Contentions or Final Infringement Contentions, and (2) by failing to disclose an element-by-element analysis by a qualified expert, or a person of ordinary skill in the art." DOE Mot. at 1. According to PMC, RMH and MRI "have not identified one element that is met by the doctrine of equivalents, much less provided any analysis to support such an assertion. This is prejudicial to Defendant. As such, they should be precluded from belatedly advancing this theory at trial." *Id.* at 2.

RMH and MRI argue that they have properly pleaded their DOE-based infringement claims and have maintained those arguments throughout the course of discovery and pre-trial motions. They contend that all that is required for a plaintiff to preserve a DOE infringement theory is to present it, not to spell it out in detail. *Id.* at 3. To that end, they note that the DOE was raised as a legal theory in the Complaint and in a scheduling order stating each parties' claims and defenses, was discussed during the claim construction hearing, and was spelled out in its initial infringement contentions. *Id.* at 3–5.

PMC cites to two cases suggesting that Plaintiffs may not raise evidence or arguments as to the DOE absent a full unspooling of a corresponding legal theory before trial. DOE Mot. at 5–8. These cases, however, involved cases where plaintiffs failed to include the DOE in its initial infringement contentions and made no subsequent effort to correct them. *See Teashot LLC v.*

*Green Mountain Coffee Roasters, Inc.*, 595 F. App'x 983, 987 (Fed. Cir. 2015) ("But silence [in the court's scheduling order] on the required contents of 'infringement contentions' does not mean that Teashot can choose to disclose nothing about its doctrine of equivalents theory. Silence on supplementation prohibition also does not mean that Teashot can amend at will after the scheduling order deadline . . . . Accordingly, we affirm the district court's exclusion of Teashot's doctrine of equivalents theory . . . ."); *Icon Outdoors, LLC v. Core Res.*, No. RDB-11-cv-2967, 2013 WL 2476392, at *11 (D. Md. June 7, 2013) ("However, in Icon's Initial Disclosure of Infringement Contentions served on March 16, 2012, as well as in its amended disclosure served on April 9, 2012, Icon failed to assert that its infringement contentions involved application of the doctrine of equivalents, as required by Local Rule 804.1(a).").

PMC also cites several cases where courts found "general boilerplate reservations of right" to assert DOE claims to be insufficient to preserve a DOE claim. *See* DOE Mot. at 5–6. Those cases are inapposite, however, as they involved the mere "reservation" of a right to advance a DOE theory. *See Sonos, Inc. v. D&M Holdings Inc.*, No. 14-cv-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) ("Sonos will not be permitted to present a doctrine of equivalents theory of infringement at trial, as it did not include such allegations in its final infringement contentions, except in the form of a boilerplate reservation of right to assert the doctrine of equivalents at some later point.") (collecting cases); *Howmedica Osteonics Corp. v. Depuy Orthopaedics, Inc.*, No. 11-cv-6498 (SDW), 2014 WL 6675923, at *2 (D. N.J. Nov. 24, 2014) ("[A] general reservation of the right to assert the DOE fails to satisfy the Local Patent Rules' chief aim, which is to provide all parties with adequate notice and information with which to litigate their cases.") (citations and internal quotation marks omitted).

The opinion in *Howmedica* particularly highlights that plaintiff's claims were not preserved because its general reservation of rights was "the only reference" it made to the DOE in its infringement contentions, and particularly notes that plaintiff "does not specifically assert the doctrine anywhere in its claim chart." *Howmedica*, 2014 WL 6675923, at *2. In contrast, RMH and MRI's initial infringement contentions include a point-by-point claim chart that specifically indicates the individual claims for which plaintiff asserts both literal infringement and DOE theories. *See* Pls.' Initial Infringement Contentions, annexed as Ex. B. to DOE Mot. Opp., ECF No. 172-2.

Unlike the plaintiffs in *Howmedica* or the other cases which PMC has cited, the submissions before the Court indicate that RMH and MRI adequately put PMC on notice of their DOE claims.

PMC's better argument is that any testimony by Mr. Haddock on DOE should be precluded because it was not sufficiently disclosed.

While a witness who is not retained to offer expert testimony need not file an expert report, they still must file a sufficiently detailed expert disclosure stating the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. *See* FED. R. CIV. P. 26(a)(2)(C). This amendment was added to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Advisory Committee Notes, 2010 Amendment, FED. R. CIV. P. 26(a)(2)(C). "Courts must take care against requiring undue detail, keeping in mind that those witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.*

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Second Circuit has emphasized, however, that preclusion is not automatic. *See Design Strategy v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) ("[T]he plain text of the rule provides that if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions."). In determining whether to preclude evidence under Rule 37(c)(1), courts must examine "'(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns*, 118 F.3d 955, 961 (2d Cir. 1997)).

Courts do not appear to have settled on the precise level of detail required of a non-retained expert disclosure's summaries of facts and opinions to which the expert is expected to testify. *Compare Millennium Pipeline Co., L.L.C. v. Certain Permanent and Temporary Easements*, 919 F. Supp. 2d 297, 300 (W.D.N.Y. 2013) ("Although less is required in a disclosure of such witnesses than of those covered by Rule 26(a)(2)(B), then, a mere list of names, accompanied by three-word descriptions of the subject matter of their testimony, is plainly not enough."); *with Anderson v. Eastern CT Health Network*, No. 12-cv-785 (RNC), 2013 WL 5308269, at *1 (D. Conn. Sept. 20, 2013) ("[P]laintiff has not summarized Dr. Calabrese's potential expert testimony with sufficient detail to permit defendants to prepare their defense. Plaintiff has identified only one of the opinions that Dr. Calabrese is expected to render

14

and otherwise has failed to provide the straightforward summary of facts and opinions required by Rule 26(a)(2)(C)(ii).").

As discussed in RMH and MRI's response, Mr. Haddock did disclose that he would testify as to the subject matter of DOE. *See* Preliminary Disclosure of Anticipated Expert Testimony – Robert M. M. Haddock, annexed as Ex. 3 to DOE Mot., ECF No. 161-4, at 5–6, 15; The major issue is whether that disclosure provided a sufficient summary of the facts and opinions to be discussed in his testimony under Rule 26(a)(2)(C) and, if not, whether that failure is substantially justified or harmless. Thus, to the extent that Mr. Haddock's disclosure did not summarize the particular facts and opinions to which he is expected to testify, he may be precluded from stating those facts and opinions for the first time at trial.

PMC's motion to exclude evidence or arguments as to the DOE therefore is denied. Nevertheless, the Court may ultimately exclude any opinions offered at trial by Mr. Haddock that were not sufficiently disclosed to PMC—if PMC can show that exclusion of that testimony is merited under the factors identified in *Patterson* and *Softel*.

### D. Willfulness

PMC argues that RMH and MRI must be precluded from presenting evidence of willful infringement at trial because they waived their right to seek damages in this case; therefore they contend that willfulness is no longer at issue in this trial. Willfulness Mot. at 1. RMH and MRI contend that their potential entitlement to attorney's fees if they are the prevailing party and this is deemed an exceptional case permits the Court to hear evidence of willfulness during trial. Willfulness Opp. at 2–3. The Court agrees with RMH and MRI.

Defendants argue that any willfulness evidence that addresses whether this is an exceptional case under 35 U.S.C. § 285 should only be presented through a post-trial motion for attorney's fees. The Court disagrees.

While it is correct that the specific motion for attorney's fees seeking the specific amount of fees and costs to be awarded must be decided post-trial according to FED. R. CIV. P. 54(d)(2), Plaintiffs are not seeking to litigate these issues at this stage. Rather, they are looking to establish their entitlement to fees at all; that is, whether this is indeed an "exceptional case" that would make PMC liable for such an award under 35 U.S.C. § 285.

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 1756 (2014).

Such broad discretion permits the Court to determine how best to discern whether this is indeed an exceptional case meriting an award of attorney's fees. The Court therefore is free to decide that the question of defendant's willfulness is relevant to that determination and, consistent with the Court's obligations under Rule 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. P. 1, to find that such evidence should be presented at trial.

PMC's motion *in limine* to preclude evidence of willfulness from being raised at trial therefore is denied.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' motion *in limine* is **GRANTED**, and PMC's motions *in limine* are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of October, 2018.

       /s/ Victor A. Bolden
       VICTOR A. BOLDEN
       UNITED STATES DISTRICT JUDGE